**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
| In re:<br><br>Scott L. Fenstermaker,<br><br>Debtor | Chapter 7<br>Case No. 24-10108 |

## ORDER ABSTAINING FROM CERTAIN MATTERS, GRANTING STAY RELIEF, AND DENYING CHAPTER 7 TRUSTEE'S MOTIONS WITHOUT PREJUDICE

On March 26, 2026, the Court held a continued hearing on several related matters. As discussed at that and prior hearings, those related matters overlap with certain pending matters in New York state court between Scott L. Fenstermaker (the debtor here) and Linda Fenstermaker (the debtor's estranged spouse). Specifically, the parties' pending matters there are in a divorce proceeding—Fenstermaker v. Fenstermaker, Index No. 303975/2016, in the Supreme Court of the State of New York. When Mr. Fenstermaker began this bankruptcy case two years ago, the divorce proceeding had already been pending for more than eight years and had involved extensive litigation between the parties.

At the March 26 hearing, no party disagreed that the overlapping matters might best be addressed by the New York state court alone. After the March 26 hearing, Mr. Fenstermaker added to those overlapping matters by objecting to the claim (and amended claim) filed by Ms. Fenstermaker as a creditor in this case [Dkt. No. 114]. *See* 11 U.S.C. §§ 101(5) (defining "claim"), 501-502 (describing processes for filing and allowing claims in bankruptcy cases). To some extent, in a Motion for Miscellaneous Relief [Dkt. No. 126], Mr. Fenstermaker has also recently asked that this Court abstain from ruling on that objection—to allow the New York state court to determine certain matters instead.

1

On its own initiative, this Court was already then contemplating whether to abstain from determining any matters here that overlap with the parties' divorce proceeding.   The overlapping matters appear to involve unsettled points of New York state law and long-running factual disputes (at least some of which have already been presented through evidence to the state court).   Further, the parties' protracted litigation there might have been nearing a final disposition but for Mr. Fenstermaker's bankruptcy filing, which automatically stayed certain progress.   Having considered these and other factors, the Court concludes that it is appropriate here to abstain from deciding matters over which the New York state court has concurrent jurisdiction in the parties' divorce proceeding.   And, thus, the Court will abstain accordingly. *Cf.* 28 U.S.C. § 1334(c)(1).   To the extent that Mr. Fenstermaker has requested such abstention, his request is granted.[1]

Further, so that the New York state court may proceed, this Court revises its November 26, 2024 Order on Linda Fenstermaker's Motion to Lift the Automatic Stay [Dkt. No. 57] as follows: In the above-referenced matter of Fenstermaker v. Fenstermaker, notwithstanding anything to the contrary in the Bankruptcy Code (including 11 U.S.C. § 362(a) and (b)(2)(A)(iv)), the state court may proceed in resolving the parties' disputes on a final basis, including determining property rights and determining the division of property that is property of Mr. Fenstermaker's bankruptcy estate.   As to this paragraph only, the relief provided is stayed for 7 days after the entry of this Order.   *See* Fed. R. Bankr. P. 4001(a)(4).   Because the relief in this paragraph is being granted without prior notice, any affected party may object to this relief within 7 days of the entry of this Order.   If a party so objects, the Court will schedule a hearing

---

[1] To the extent that Mr. Fenstermaker has requested other relief in his Motion for Miscellaneous Relief [Dkt. No. 126], his motion is denied without prejudice to requesting such other relief if appropriate after the New York state court has determined the matters from which this Court is abstaining.

2

about this relief, and the relief will not be effective without a further order of the Court.
Moreover, the relief in this paragraph is granted without prejudice to any affected party seeking
clarification or further relief from the automatic stay, including on an expedited basis, if
warranted.

Based on the above abstention and related relief, the Court will defer ruling on
bankruptcy-specific matters that depend (or could depend) on outcomes in the divorce
proceeding. *Cf.* 11 U.S.C. § 305(a)(1). The interests of creditors and the debtor will be better
served by deferring those rulings until the New York state court has determined, for example, the
extent and nature of any debt owed by Mr. Fenstermaker to Ms. Fenstermaker, which, in turn,
could affect aspects of a distribution in this bankruptcy case of certain divorce-related sale
proceeds that are being held in escrow by the chapter 7 trustee. Thus, the Court will defer ruling
on Mr. Fenstermaker's objection to Ms. Fenstermaker's claim in this case.[2] The Court will also
defer ruling on Ms. Fenstermaker's remaining objections to Mr. Fenstermaker's exemptions, as
those objections relate to a dispute over certain retirement accounts in the divorce proceeding
[Dkt. Nos. 87, 88, 102, 106].

Next, the Court addresses two pending motions of the chapter 7 trustee that rely
substantially on matters pending in the divorce proceeding—a Motion to Sell Property [Dkt. No.
63] and a Motion to Approve Compromise [Dkt. No. 64]. As discussed at the March 26
hearing, the trustee is no longer seeking precisely the relief requested in those motions. Given
that status, the nature of the relief requested, and the Court's decisions announced above, each
motion is denied without prejudice.

---

[2] The hearing scheduled for May 22, 2026, on that matter is canceled accordingly and will be rescheduled
as needed in due course.

Finally, to track the progress of the divorce proceeding, this Court orders as follows.   No later than November 13, 2026, Mr. Fenstermaker must file a status report in this case.   The status report should briefly describe any court events and outcomes in the divorce proceeding. The status report should not exceed two pages.   Within 14 days of the status report's filing, Ms. Fenstermaker may (but is not required to) file any response.   The Court will then determine the extent to which further status reports or proceedings here are needed.

Dated: May 18, 2026

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

4